# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2013

Lyle W. Cayce
Clerk

No. 12-60317
Summary Calendar

BOBBY GENE BURKE,

Plaintiff-Appellant

v.

CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS; MARGARET BINGHAM, Superintendant - Central Mississippi
Correctional Facility; ERNEST LEE, Warden Central Mississippi Correctional
Facility - 3 Pearl, Mississippi; LESLIE BEAR, also known as Leslie Bare, Doctor;
GLORIA PERRY, Chief Medical Officer Mississippi Department of Corrections;
CENTRAL MISSISSIPPI MEDICAL CENTER; WEXFORD HEALTH
SERVICES,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-26

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Bobby Gene Burke, Mississippi prisoner # 75361, appeals the magistrate judge's dismissal with prejudice of his 42 U.S.C. § 1983 suit. We review the magistrate judge's dismissal of Burke's claims against Dr. Leslie Bear pursuant to 28 U.S.C. § 1915(e)(2) and the magistrate judge's grant of the remaining defendants' summary judgment motions de novo. *See Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *see also* 28 U.S.C. § 636(c)(3). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Burke has abandoned any claims against Margaret Bingham, Ernest Lee, and Central Mississippi Medical Center as he fails to provide any argument regarding how those defendants violated his constitutional rights. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). His general claims against the Mississippi Department of Corrections (MDOC) are not considered as MDOC is not a defendant to Burke's lawsuit. We also do not consider Burke's complaints of events relating to his medical care that were not presented to the district court and, thus, are raised for the first time on appeal. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Burke's claims against Dr. Bear regarding the cataract surgery she performed on Burke's left eye amount to no more than claims of negligence or medical malpractice and are not cognizable under § 1983. *See Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006). Moreover, Burke has not shown that Dr. Bear, Christopher Epps, Dr. Gloria Perry, or Wexford Health Services "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The magistrate judge's judgment is therefore AFFIRMED. Burke's motion for the appointment of

No. 12-60317

counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).